IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                       No. CR 23-0214 JB

LUIS PEREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Luis Perez's Objections to the Presentence Investigation Report and Sentencing Memorandum, filed June 3, 2024 (Doc. 81)("Objections"). Sentencing in this matter will take place on August 21, 2024. See Order Granting Defendant Luis Perez's Unopposed Motion to Continue Sentencing Set for July 3, 2024, filed June 12, 2024 (Doc. 85). The primary issues are: (i) whether the Court should hold an evidentiary hearing at which Defendant Luis Perez can contest the facts in paragraph 20 of the United States Probation Office's Presentence Investigation Report ¶ 20, at 9 filed April 24, 2024 (Doc. 73)("PSR"); (ii) whether the Court should sustain Perez' objection to the PSR's application of § 2D1.1(b)(12) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), which enhances Perez' base offense level by 2 levels for maintaining a premises for the purpose of manufacturing or distributing a controlled substances; and (iii) whether the Court should sustain Perez' objection to the PSR's application of U.S.S.G. § 3B1.1(c)'s 2-level enhancement for being an organizer, leader, manager, or supervisor of a criminal activity. Having reviewed carefully the parties' arguments, relevant law, and applicable facts, the Court concludes: (i) that no evidentiary

hearing is required to rule on Perez' Objections,[1] but the Court will allow Perez to offer evidence at the sentencing hearing; (ii) the Court overrules Perez' objection to U.S.S.G. § 2D1.1(b)(12)'s 2-level enhancement, because the Court concludes, by a preponderance of the evidence, see United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005)(McConnell, J.), that Perez maintained a premises for the purpose of distributing a controlled substance, as evidenced by his possessory interest in the 3440 Ross Avenue property, and the extent to which Perez controlled access to the apartment and the property's "storage closet," see PSR ¶ 16, at 6-7, as well as to the 2001 Girard Boulevard CubeSmart storage units, which were rented to Perez and which his key opened, see PSR ¶ 18, at 8-9; and (iii) the Court overrules Perez' objection to U.S.S.G. § 3B1.1(c)'s 2-level enhancement, because the Court concludes -- again by a preponderance of the evidence -- that Perez exercised management responsibilities over the property and assets of drug dealing criminal activity, specifically that Perez managed responsibility over a significant quantity of drug contraband by keeping the supply -- along with a digital scale -- on his property in a locked "storage closet," PSR ¶ 16, at 6-7, and was observed being given a quantity of money by a co-defendant following a controlled drug transaction, counting the money, and retaining a portion of that money while giving the rest back to the co-defendant, see PSR ¶ 14, at 6.

---

[1] The Court concludes that, although Perez objects to the PSR's paragraph 20, see Objections at 1, there are many other facts in the PSR to which Perez does not object, see PSR ¶ 16, at 6-7; PSR ¶ 18, at 8-9; PSR ¶ 14, at 6, that support the Court's conclusions as to U.S.S.G. § 2D1.1(b)(12) and U.S.S.G. § 3B1.1(c)'s application. The Court accepts these undisputed facts as factual findings. See United States v. Harrison, 743 F.3d 760, 763 (10th Cir. 2014)("'[T]he district court may rely on facts stated in the presentence report unless the defendant has objected to them.'" (quoting United States v. Shinault, 147 F.3d 1266, 1277 (10th Cir. 1998)); Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.").

- 3 -

**IT IS ORDERED** that: (i) the Court will allow Perez to offer evidence at the sentencing hearing if he desires to do so, at which time the Court will assess whether the evidence adduced affects the Court's sentencing determination; (ii) the Court overrules Perez' objection to the PSR's application of U.S.S.G. § 2D1.1(b)(12)'s 2-level enhancement in Defendant Luis Perez's Objections to the Presentence Investigation Report and Sentencing Memorandum, filed June 3, 2024 (Doc. 81); (iii) the Court overrules Perez' objection to the PSR's application of U.S.S.G. § 3B1.1(c)'s 2-level enhancement in Defendant Luis Perez's Objections to the Presentence Investigation Report and Sentencing Memorandum, filed June 3, 2024 (Doc. 81); and (iv) the Court will entertain any other sentencing-related arguments at the sentencing hearing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alex M. M. Uballez
  United States Attorney
Blake Nichols
Katherine L. Lewis
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Robert J. Gorence
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendant*